UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **MARK A. WOOLLEY,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-03-1031** |
| | : | |
| v. | : | **(JUDGE CAPUTO)** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I.　　Introduction

Plaintiff, Mark Woolley, involuntarily committed as a patient at the State Hospital in Danville ("Danville"), Pennsylvania, commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA").  Defendants are the Commonwealth of Pennsylvania, the Pennsylvania Department of Public Welfare, Danville Superintendent Paul Gritman, and Danville social worker Bonnie Barrett.  Defendants were served with the complaint, they have filed an answer, and the pleadings are closed.  Fed. R. Civ. P. 12(c).

Plaintiff claims that he is unconstitutionally detained at Danville, in violation of his constitutional rights to due process and equal protection, and he has suffered cruel and unusual treatment at Danville.  He seeks injunctive release mandating his immediate release from Danville, "compensatory damages in the amount of 17,899,000.00 dollars, [and] punitive damages in the amount of 2.7 million [dollars]."  (Doc. 1 at 33.)  Currently pending is Defendants' motion for judgment on the pleadings.  For the following reasons, the motion will be granted.

**II.        Background**[1]

Plaintiff is involuntarily committed to Danville pursuant to a civil commitment Order obtained in proceedings under Pennsylvania's Mental Health Procedures Act ("MHPA"), 50 Pa.C.S. § 7301, *et seq.*  His current treatment at Danville began after he displayed aggressive behavior while a patient at Clarion Psychiatric Center, and he was taken into custody pursuant to a petition filed under § 304 (c) (50 Pa.C.S. § 7304(c)) of the MHPA.  Petitioner has been hospitalized several times in the past, including stays in Pennsylvania at Clarion Psychiatric Center, The Meadows, and Warren State Hospital, as well as hospitalization in Ohio, Kansas, Colorado, and California.  He has been diagnosed as having schizophrenia, paranoid type; continuous polysubstance abuse; personality disorder; hyperlipidemia; chronic headache; chronic mental illness; and "lack of insight."

During the pendency of this case, Plaintiff filed a petition for writ of habeas corpus (Doc. 22), seeking his immediate release from confinement, which was incorrectly docketed in this case.  Subsequently, the Court recognized the error, and by Order dated July 19, 2004 (Doc. 31), the Court directed the Clerk of Court to strike the habeas petition from this case and enter it as a new case.  The Clerk of Court complied, and the habeas petition was entered as a new case docketed as M. D. Pa. Civil Action No. 3:04-CV-1904.  Thereafter, by Order dated January 3, 2006, the Court denied Plaintiff's petition for writ of habeas corpus.

---

[1] Unless otherwise noted, the facts are extracted from the pleadings in this case as well as the pleadings filed in Plaintiff's habeas action, *Wooley v. Ashbridge*, No. 3:04-CV-1904, slip op. (M.D.Pa.. Jan. 3, 2006) (Caputo, J.)

**III.     Discussion**

**A.  Standard for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) states, in pertinent part: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  A motion for judgment on the pleadings will not be granted unless movant clearly establishes that no material issues of fact remain unresolved, and that movant is entitled to a judgment as a matter of law.  *Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980).  Courts have applied the same standard of review for a motion for judgment on the pleadings under Rule 12(c) as they do for a motion to dismiss under Rule 12(b) .  *See, e.g., Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989); *Regalbuto v. City of Philadelphia*, 937 F.Supp. 374, 376-77 (E.D. Pa. 1995).

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations in the complaint as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third Circuit added that when considering a motion to dismiss, based on a Rule 12(b)(6) argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  A complaint that does not establish

3

entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. § 1983 Standard

Defendants allege that they are not "persons" as that term is defined under § 1983. The Court agrees. To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action, and Plaintiff has satisfied neither.

It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit. *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the United States Court of Appeals for the Third Circuit held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal

4

court should consider:  (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors.  *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the Department of Public Welfare or Danville employees would have to be paid out of the Pennsylvania state treasury.  Furthermore, Defendants receive all of their funding from the state, and do not enjoy any measure of autonomy.  Therefore, under *Will* and *Bolden*, Defendants are not "persons" for the purpose of § 1983 and, therefore, not properly named defendants.

Moreover, Plaintiff has failed to set forth any feceral Constitutional or statutory right that has been abridged by Defendants' conduct.  The entire thrust of Plaintiff's claim is that he is improperly detained in violation of his Constitutionally-mandated rights.  However, Plaintiff sought habeas relief from this Court on the same Constitutional claims, and his request has been denied.  *Wooley v. Ashbridge*, No. 3:04-CV-1904, slip op. (M.D.Pa.. Jan. 3, 2006) (Caputo, J.)

### C.  Request for Release

To the extent that Plaintiff seeks release from custody, it is well-settled that a prisoner in state custody may not utilize a §1983 action to challenge "the fact or duration of his confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Wilkinson v. Dotson*, __ U.S. __, 125 S. Ct. 1242, 1245 (2005).  Although "*Wolff* makes clear that § 1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner," *Wilkinson*, 125

5

S.Ct. at 1247 (emphasis in original), a § 1983 action will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the [conviction or sentence]." Id. at 481-482.  Thus, to the extent that Plaintiff is challenging the fact or duration of his confinement, such a claim must be brought in a properly filed habeas action.  To the extent that Plaintiff seeks monetary damages for the alleged unconstitutional confinement, his constitutional cause of action for damages does not accrue "for allegedly unconstitutional . . . imprisonment . . . [until the Plaintiff proves that the detention] has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. 486-487.  Although Plaintiff sought habeas relief from this Court, his request has been denied.  *Wooley v. Ashbridge*, No. 3:04-CV-1904, slip op. (M.D.Pa.. Jan. 3, 2006) (Caputo, J.)

### D.  Americans With Disabilities Act

Plaintiff also seeks relief under the ADA.  However, Plaintiff does not set forth any facts that would substantiate such a claim.  Plaintiff fails to allege anything to indicate that he is a qualified individual entitled to protection under the ADA, he does not set forth any allegations of denial of programs, services or activities of a public entity, and he does not link any discrimination to a disability.  42 U.S.C. § 12132.  Accordingly, his ADA claim will fail, and Defendants' motion for judgment on the pleadings will be granted.  An appropriate Order follows.


Dated: February 27, 2006            /s/ A. Richard Caputo
                                    A. RICHARD CAPUTO
                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. WOOLLEY,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-03-1031** |
| | : | |
| **v.** | : | **(JUDGE CAPUTO)** |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## **O R D E R**

**AND NOW, THIS 27th DAY OF FEBRUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for judgment on the pleadings (Doc. 68) is **GRANTED**, and the Clerk of Court I directed to enter judgment in favor of Defendants and against Plaintiff.

2. The Clerk of Court shall close this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

      /s/ A. Richard Caputo
     A. RICHARD CAPUTO
     United States District Judge